IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HUNTER KEYSTONE PETERBILT, L.P. a Delaware limited partnership, | CIVIL DIVISION |
| Plaintiff, | No. |
| v. | |
| ACTION EXPEDITING, INC., a Georgia Corporation, | |
| Defendant. | |

## COMPLAINT

NOW COMES the Plaintiff, Hunter Keystone Peterbilt, L.P., by and through its counsel, Dickie, McCamey & Chilcote, P.C., and for its Complaint, avers as follows:

## PARTIES

1. Plaintiff, Hunter Keystone Peterbilt, L.P. ("Hunter"), is a Delaware limited partnership with its principal place of business at 480 Pittsburgh Road, Butler, PA 16002.

2. Defendant, Action Expediting, Inc. ("Action Expediting"), is a Georgia Corporation with its principal place of business at 135 Main Street, P.O. Box. 352, Madison, GA, 30650.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332. The parties are of diverse citizenship, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) and (c)(2).

**FACTS**

5. On March 6, 2012, Hunter leased nine commercial vehicles to Action Expediting pursuant to a "Vehicle Lease and Service Agreement" (hereinafter "Lease Agreement"). *See* Vehicle Lease and Service Agreement, attached hereto as Exhibit A.

6. Under the Lease Agreement, Action Expediting agreed to lease eight 2013 Peterbilt 386 Tractors from Hunter under the terms as set forth therein at a fixed charge of $1,983.06 per month per Tractor for 72 months. *See* March 7, 2012 Schedule A, attached hereto as Exhibit B.

7. Under the Lease Agreement, Action Expediting also agreed to lease one 2013 Peterbilt 337 Truck from Hunter under the terms as set forth therein at a fixed charge of $1,688.61 per month for 60 months. *See* March 7, 2012 Schedule A, attached hereto as Exhibit C.

8. Action Expediting agreed to lease each of the nine tractors and to pay certain additional charges with respect to those vehicles during the term of the lease as set forth in the Agreement.

9. Over the course of the lease of the nine vehicles, Action Expediting failed to timely pay invoices for charges owed pursuant to the Lease Agreement. *See* Exhibit A.

10. As of January 3, 2018, Action Expediting was past due on its accounts in the amount of $106,451.77. *See* January 3, 2018 Statement, attached hereto as Exhibit D.

11. To date, Acton Expediting has failed to satisfy the outstanding amounts owed to Hunter under the Lease Agreement.

12.     Accordingly, Action Expediting is required to pay Hunter for the current outstanding amounts owed to Hunter under the Lease Agreement as described above, in addition to other charges and amounts due thereunder based upon Action Expediting's default on the Lease Agreement and failure to comply with the terms of the Lease Agreement.

## **COUNT I -- BREACH OF CONTRACT**

13.     Hunter incorporates by reference Paragraph 1 through, and including, Paragraph 12 of its Complaint, as though set forth herein at length.

14.     The Lease Agreement clearly provides that following a default by Action Expediting, the Lease Agreement is terminated and "all rental payments or other amounts owing shall become immediately due and payable."  *See* Exhibit A, ¶ 15A.

15.     Due to the default by Action Expediting, the past due amounts owed under the Lease Agreement total $106,451.77.

16.     In addition, Acton Expediting was obligated to pay to Hunter under the terms of the Lease Agreement the Schedule A value of the each of the trucks at the time of the repossession of the vehicles, minus any proceeds from sales of the trucks by Hunter to mitigate its damages.

17.     Despite demands from Hunter, Action Expediting has breached the plain terms of the Lease Agreement by failing to pay the amounts due under the Lease Agreement and to continue its obligations for the full term of the Lease Agreement.

18.     The Lease Agreement further provides that Acton Expediting shall be liable for costs and expenses for a default, including reasonable attorneys fees.  *See* Exhibit A, ¶15.

WHEREFORE, Plaintiff, Hunter Keystone Peterbilt, L.P., respectfully requests that this Honorable Court enter judgment in its favor, and against the Defendant, Action Expediting, Inc., in the amount of $106,451.77, plus attorney's fees, costs, interest and other relief as this Court deems proper.

## COUNT II -- UNJUST ENRICHMENT

19. Hunter incorporates by reference Paragraphs 1 through Paragraph 18 of its Complaint, as though set forth herein at length.

20. In using the trucks under the Lease Agreement without paying the amounts due, Acton Expediting has received and enjoyed and continues to receive and enjoy the value of said trucks.

21. It is inequitable for Action Expediting to retain the benefits of using said trucks without payment to Hunter.

22. Action Expediting has been unjustly enriched by its use of the trucks, the value of which, is properly owed to Hunter.

23. The past due amounts owed under the Lease Agreement total $106,451.77, the value of which Action expediting used the benefit of without payment to Hunter.

WHEREFORE, Plaintiff, Hunter Keystone Peterbilt, L.P., respectfully requests that this Honorable Court enter judgment in its favor, and against the Defendant, Action Expediting, Inc., in the amount of $106,451.77, plus attorney's fees, costs, interest and other relief as this Court deems proper.

**JURY TRIAL DEMANDED**

Respectfully submitted,

DICKIE, McCAMEY & CHILCOTE, P.C.


By: /s/Vaughn K. Schultz
    Christopher D. Stofko, Esquire
    Vaughn K. Schultz, Esquire

Two PPG Place, Suite 400
Pittsburgh, PA 15222-5402
(412) 281-7272
Fax: (412) 392-5367
Email:    cstofko@dmclaw.com
           vschultz@dmclaw.com

Counsel for Plaintiff Hunter Keystone Peterbilt, L.P.